IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| MISTY SCHLESINGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| RANDOLPH COUNTY, ILLINOIS and | ) | |
| SHERIFF MICHAEL HOELSCHER, | ) | JURY TRIAL DEMANDED |
| | ) | ON ALL COUNTS |
| Defendants. | ) | |

## COMPLAINT

### COUNT I
**(Misty Schlesinger vs. Randolph County, Illinois
Deprivation of Constitutional Rights under 42 U.S.C. § 1983)**

COMES NOW Plaintiff, Misty Schlesinger, by and through her attorneys, John J.

Hopkins & Associates, P.C., and for Count I of her Complaint against Defendant Randolph

County, Illinois, states as follows:

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343. This is a suit at law,

   requesting the imposition of money damages under 42 U.S.C. § 1983. The jurisdiction of

   this Court is invoked pursuant to a Federal Question.

2. Plaintiff, Misty Schlesinger, is a resident of the State of Illinois and the County of

   Randolph, and has been such at all times relevant to this Complaint.

3. Defendant Randolph County, Illinois ("Randolph County") is a county located in the

   State of Illinois, operating under the laws of the United States of America and the State of

   Illinois.

4. At all times relevant to this Complaint, Sheriff Michael Hoelscher was operating under

   color of law and in his official capacity for Randolph County.

5.  At all times relevant to this Complaint, Sheriff Michael Hoelscher was a final policymaking authority for Randolph County.

6.  Plaintiff was first employed by Randolph County as a part-time Sheriff's Deputy in August 2009.

7.  That in January 2012 Plaintiff, Misty Schlesinger, was elevated to the status of a permanent employee in the Sheriff's Department.

8.  That in July 2013 Plaintiff reported that management employee Mary Beam was still a union representative.

9.  That Plaintiff experienced harassment as a direct result of the above cited action.

10. That between January 2013 and February 2014, Plaintiff did make various requests for medical leave due to job-related stresses.

11. That said medical leave requests were treated differently than similar requests made by male counterparts/coworkers.

12. That said actions were based solely on Plaintiff's gender in violation of existing and applicable law.

13. The actions of Randolph County, by and through its policymaking authorities, were part of a policy, practice or custom established or ratified by Randolph County.

14. The above actions were performed with knowledge of, and in retaliation for, Plaintiff's, Misty Schlesinger's, exercising of her First Amendment rights, including, but not limited to, Plaintiff's speaking out on matters of public concern.

15. As a result of the above referenced actions, Plaintiff, Misty Schlesinger, has been subjected to deprivation by Randolph County, by and through its policymaking

authorities acting under color of law, of the rights, privileges, and immunities secured to her by the law.

16. As a direct and proximate consequence and result of Randolph County's acts and omissions stated above, Plaintiff, Misty Schlesinger, has suffered an impairment of her reputation, anxiety and humiliation, mental anguish, emotional distress, loss of wages, loss of benefits, loss of professional advancement and has had to expend a substantial amount of time and money in order to protest her unconstitutional deprivations.

17. That Plaintiff did receive a right to sue letter, from the U.S. Equal Employment Opportunity Commission, on or about July 25, 2015; that Plaintiff brings her action herein within 90 days of the receipt of said letter.

WHEREFORE, Plaintiff, Misty Schlesinger, respectfully prays that the Court enter judgment for Plaintiff as follows:

A. Compensatory damages for unrealized salary and fringe benefits, impairment of reputation, anxiety, humiliation, mental anguish, emotional distress, and loss of professional advancement;

B. Reimbursement of costs and expenditures and reasonable counsel fees pursuant to 42 U.S.C. § 1988;

C. Any and all other relief that is just and appropriate.


JOHN J. HOPKINS & ASSOCIATES, P.C.

John J. Hopkins (#01258192)
500 East 6th Street
P.O. Box 595
Alton IL   62002
(618) 655-9600 Phone
(618) 655-9690 Fax
ATTORNEYS FOR PLAINTIFF

**COUNT II**
**(Misty Schlesinger vs. Michael Hoelscher**
**Deprivation of Constitutional Rights under 42 U.S.C. § 1983)**

COMES NOW, Plaintiff, Misty Schlesinger, by and through her attorneys, John J.

Hopkins & Associates, P.C., and for Count II of her Complaint against Defendant Sheriff

Michael Hoelscher, states as follows:

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.
   This is a suit at law, requesting the imposition of money damages under 42 U.S.C. §
   1983. The jurisdiction of this Court is invoked pursuant to a Federal Question.

2. Plaintiff, Misty Schlesinger, is a resident of the State of Illinois and the County of
   Randolph, and has been such at all times relevant to this Complaint.

3. Defendant Sheriff Michael Hoelscher ("Hoelscher") is a resident of the State of Illinois
   and the County of Randolph, and has been such at all times relevant to this Complaint.

4. At all times relevant to this Complaint, Hoelscher held the position of Sheriff in
   Randolph County, Illinois, and was acting under color of law.

5. The Defendant Hoelscher is being sued in his individual capacity as the former Sheriff of
   Randolph County.

6. Plaintiff, Misty Schlesinger, was first employed by Randolph County as a part-time
   Sheriff's Deputy in approximately August 2009.

7. That in January 2012 Plaintiff, Misty Schlesinger, was elevated to the status of a
   permanent employee in the Sheriff's Department.

8. That in July 2013 Plaintiff reported that management employee Mary Beam was still a
   union representative.

9. That Plaintiff experienced harassment as a direct result of the above cited action.

10. That between January 2013 and February 2014, Plaintiff did make various requests for medical leave due to job-related stresses.

11. That said medical leave requests were treated differently than similar requests made by male counterparts/coworkers.

12. That said actions were based solely on Plaintiff's gender in violation of existing and applicable law.

13. The above actions were performed with knowledge of, and in retaliation for, Plaintiff, Misty Schlesinger's, exercising of her First Amendment rights, including, but not limited to, Plaintiff's speaking out on matters of public concern.

14. As a result of the above referenced actions, Plaintiff, Misty Schlesinger, has been subjected to deprivation by Defendant Hoelscher, acting under color of law, of the rights, privileges, and immunities secured to her by the United States Constitution and other laws; particularly her rights and freedoms of speech and expression; of assembly and of association.

15. As a direct and proximate consequence and result of Defendant Hoelscher's acts and omissions stated above, Plaintiff, Misty Schlesinger, has suffered an impairment of her reputation, anxiety and humiliation, mental anguish, emotional distress, loss of wages, loss of benefits, loss of professional advancement and has had to expend a substantial amount of time and money in order to protest her unconstitutional deprivations.

16. The above actions of Hoelscher were performed intentionally or otherwise with reckless and callous indifference to Plaintiff, Misty Schlesinger's, rights prescribed by the United States Constitution.

17. That Plaintiff did receive a right to sue letter, from the U.S. Equal Employment

Opportunity Commission, on or about July 25, 2015; that Plaintiff brings her action

herein within 90 days of the receipt of said letter.


WHEREFORE, Plaintiff, Misty Schlesinger, respectfully prays that the Court enter judgment

for Plaintiff as follows:

A. Compensatory damages for unrealized salary and fringe benefits, impairment of

reputation, anxiety, humiliation, mental anguish, emotional distress, and loss of

professional advancement;

B. Reimbursement of costs and expenditures and reasonable counsel fees pursuant to 42

U.S.C. § 1988;

C. Equitable relief ordering Randolph County and Sheriff Michael Hoelscher to return

Plaintiff to her position of employment as part time Sheriff's Deputy; and

D. Any other appropriate relief that is just and equitable to compensate Plaintiff for the

injuries she has suffered.


JOHN J. HOPKINS & ASSOCIATES, P.C.

John J. Hopkins (#01258192)
500 East 6th Street
P.O. Box 595
Alton IL   62002
(618) 655-9600 Phone
(618) 655-9690 Fax
ATTORNEYS FOR PLAINTIFF

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Misty S. Schlesinger<br>11015 Poplar St<br>Coulterville, IL 62237 | From: | St. Louis District Office<br>Robert A. Young Bldg<br>1222 Spruce St, Rm 8.100<br>Saint Louis, MO 63103 |
|---|---|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | | |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 560-2014-01268 | Denita R. Langston,<br>Investigator | (314) 539-7902 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature]* Denita Langston for

**James R. Neely, Jr.,**
**Director**

JUL 2 3 2015

Enclosures(s)

(Date Mailed)

cc:
| Porter A. Katherine, Attorney<br>BECKER, OERNER, THOMPSON & YSURSA, P.C.<br>5111 West Main Street<br>Belleville, IL 62226 | John J. Hopkins, Attorney<br>JOHN J. HOPKINS & ASSOCIATES, P.C.<br>P.O. Box 595<br>500 E. 6th Street<br>Alton, IL 62002 |
|---|---|